ERIE LACKAWANNA RY. CO., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Erie Lackawanna v. PUCO (1970), 24 Ohio St. 2d 159.]

(No. 70-155—Decided December 23, 1970.)

*Mr. Wallace R. Steffen,* for appellant.

*Mr. Paul W. Brown,* attorney general, *Mr. Sheldon A. Taft, Mr. Gerald P. Wadkowski* and *Mr. Donald E. Ely,* for appellee.

*Per Curiam.* On September 24, 1968, the Public Utilities Commission ordered appellant to institute certain changes in its operating procedures, pursuant to a complaint charging unsafe conditions on a portion of its track. A public hearing was held, at which the railroad appeared and contested the proceedings on several grounds, one of which was that the Public Utilities Commission had no "jurisdiction" of the proceedings for the reason that Section 25(b) of the Interstate Commerce Act (Section 26, Title 49, U. S. Code) preempted the scope of the controversy raised by the complainant in favor of the federal Interstate Commerce Commission.

This appeal, which has been expressly confined to that question, is brought, not from the order of 1968 under R. C. 4903.11,[1] but from an order of the commission entered No-

---

[1] R. C. 4903.11 reads as follows:

"No proceeding to reverse, vacate, or modify a final order of the Public Utilities Commission is commenced unless the notice of appeal is filed within sixty days after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing or, if a rehearing is had, of the order made after such hearing. An order denying an application for rehearing or an order made after

vember 25, 1969, denying appellant's petition to rescind the 1968 order, which petition to rescind was filed pursuant to R. C. 4909.30[2] nine months after the entry of the original order.

In the petition to rescind, appellant alleged no change of circumstances since the 1968 order and sought no hearing thereon. It contends, however, that the question of preemption remains open, *i. e.*, if the Public Utilities Commission had no "jurisdiction" to enter the 1968 order, it has a duty at any time subsequent thereto to rescind it.

That contention completely ignores the fact that, regardless of appellant's question as to preemption, the dispute involved in the complaint herein is not a pure question of jurisdiction for the reason that the 1968 order was not a patent violation of the limits of the commission's jurisdiction. The question was finally resolved against appellant by its failure to appeal the 1968 order.

The order of the commission denying the petition to rescind is not unreasonable or unlawful, and is affirmed.

*Order affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

_____

a rehearing shall be served forthwith by registered mail upon all parties who have entered an appearance in the proceeding."

[2]In view of our disposition of this case, it is unnecessary to decide whether R. C. 4909.30 is applicable to a controversy of this kind irrespective of the question of preemption. That Section reads as follows:

"Upon application of any person or any railroad, and after notice to the parties in interest and opportunity to be heard as provided in Section 4909.24 of the Revised Code for other hearings has been given, the Public Utilities Commission may rescind, alter, or amend an order fixing any rate, fare, charge, or classification, or any other order made by the commission with respect to a railroad. Certified copies of such orders shall be served and take effect as provided for original orders."